IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff<br><br>v.<br><br>HOWARD UNIVERSITY,<br><br>   Defendant. | CIVIL ACTION NO. 20-cv-1769-CJN |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

**I.    INTRODUCTION**

Defendant Howard University, without leave of Court, filed a substantive legal memorandum inaccurately couched as a "Notice of Supplemental Authority" (ECF No. 21) in an effort to argue that this Court should make new law in the District of Columbia and apply a one-year statute of limitations to Plaintiff's Title IX claims. Defendant's filing impermissibly re-argues a point already made during the initial briefing period on Defendant's motion to dismiss. No procedural mechanism exists under the Local Rules of this Court, Your Honor's Orders, or the Federal Rules of Civil Procedure for such a substantive filing at this juncture without leave of Court.

Beyond the procedural deficiency of Defendant's filing, Defendant's substantive argument therein relies upon a case—*Stafford v. George Washington, Univ.*, No. 18-cv-2789, 2022 U.S. Dist. LEXIS 1201 (D.D.C. Jan. 4, 2022)—that is inapposite and should not bear on the Court's analysis of Defendant's underlying motion to dismiss Plaintiff's Title IX claim. The case cited by Defendant is not a Title IX case, nor does it purport to set precedential or persuasive authority for the application of limitations to Title IX actions arising from sexual discrimination, harassment,

and violence, such as the instant case. As a substantive matter, the authority at issue carries no weight or value in adjudicating Defendant's Motion, and should be stricken on that basis.

The Court should strike the Notice of Supplemental Authority and all argument set forth therein, and said Notice should be disregarded in determining the merits of Defendant's Motion to Dismiss.

II. ARGUMENT

    **A. This Court should strike Defendant's Notice of Supplemental Authority because the filing is a substantive legal memorandum filed without leave of Court, and which re-argues a matter already addressed in Defendant's Reply Brief.**

The first reason for striking the Defendant's filing is that it is procedurally impermissible. The briefing period for Defendant's Motion to Dismiss ended on November 23, 2020, when Defendant filed its Reply Brief.[1] The Motion was argued on June 7, 2021. The briefing period and oral argument were the Defendant's opportunities to present and advance substantive legal arguments to the Court. Now, more than a year after the underlying briefing period and more than six-months after the oral argument, Defendant has filed a new substantive legal brief in an effort to re-argue a matter already presented in its Reply Brief.

Defendant styles the subject filing as a "Notice of Supplemental Authority"; however, the title of the document is illusory. In fact, it is a substantive legal brief spanning more than three pages and consisting of almost 900 words. The filing is tantamount to a sur-reply filed without leave of Court, pursuant to no applicable Rule or Order, and more than a year after the close of the briefing period of the underlying motion. This is impermissible, and for this reason alone, Defendant's brief should be stricken.

---

[1] Plaintiff, with leave of Court, filed a Sur-reply to address Defendant's new, and incorrect, argument that Plaintiff was required to file a motion under Rule 56(d) of the Federal Rules of Civil Procedure in order to conduct discovery in this case. (ECF No. 19-2).

Neither the Federal Rules of Civil Procedure, the Court's Local Civil Rules, nor Your Honor's Standing Order for Civil Cases permit the Defendant's latest filing.  This Court has traditionally recognized that such substantive filings, without leave of Court, are impermissible. *See, e.g.*, *Lefande v. D.C.*, No. 05-203, 2005 U.S. Dist. LEXIS 61685, *6 (D.D.C. Aug. 8, 2005) ("Plaintiff is correct in stating that, after a motion, reply, and opposition is filed, no further briefing is permitted, absent leave of the court."); *Cf. Feld Entm't, Inc. v. ASPCA*, 873 F. Supp. 2d 288, n.21 (D.D.C. 2012) (denying a motion to strike the plaintiff's notice of supplemental authority because the notice complied with the Court's "minute order permitting such filings").

In *Sanders v. Dist. Of Columbia*, No. 06-1411, 2014 U.S. Dist. LEXIS 156954 (D.D.C. Nov. 6, 2014), the plaintiff filed an "unsolicited Notice of Supplemental Authority" which notified "the Court of recent potentially relevant court decisions." *Id*. at *2.  However, the Notice "contain[ed] significant legal argument" and according to the Court appeared "to be more a supplemental memorandum of law than a 'notice.'" *Id*.  The Court determined that such a filing was not a Notice of Supplemental Authority, but instead "an impermissible surreply." *Id*.  The Court recognized that "in practice . . . this Court has allowed notices of supplemental authority to be filed without leave of court, provided that such notices are limited." *Id*. (referencing Fed. R. App. P. 28(j), which permits supplemental citations and the reasons therefore "in 350 words or less").  However, the Court determined the plaintiff's filing was, in reality, an impermissible surreply filed without leave of Court.  *Id*.[2]

In *Randolph v. Ing Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1 (D.D.C. 2007), the Court dealt with a similar issue, wherein the plaintiff filed a substantive legal brief, without leave of

---

[2] The Court in *Sanders* did not grant the motion to strike despite recognizing the impermissibility of the filing, but instead ordered the defendants to file a substantive response to the Notice.

3

court, under the guise that it was a "response to a notice of supplemental authority." The Court struck the filing from the record:

> Here, despite being styled as a Response to ING's Notices of Supplemental Authority, Plaintiffs' Response, with the exception of its first page, amounts in essence to a surreply. Plaintiffs have not moved for leave to file a surreply, nor does their Response "address new matters raised in a reply." Instead, Plaintiffs' Response seeks to continue arguing matters already addressed in Plaintiffs' opposition."

*Id*. at 9, n.5. The Court observed that such a substantive legal brief "may be filed only by leave of Court, and only to address new matters raised in a reply to which a party would otherwise be unable to respond." *Id*. (*quoting United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc*., 238 F. Supp. 2d 270, 276–77 (D.D.C 2002)).

Equally problematic, the argument Defendant attempts to advance in its latest filing is one that it has ***already made***. In its Reply Brief, the Defendant cited *Stafford v. George Washington Univ.*, No. 18-CV-2789 (CRC), 2019 WL 2373332, at *7-8 (D.D.C. June 5, 2019), which the Defendant subsequently has notated as "*Stafford I*," for the following proposition:

> In *Stafford*, the Court noted that based on *Jaiyeola v. District of Columbia*, 40 A.3d 356 (D.C. 2012) and *Congress v. District of Columbia*, 324 F. Supp. 3d 164, 171–73 (D.D.C. 2018), the most appropriate statute of limitations to apply to anti-discrimination laws was the D.C. Human Rights Act's one year statute of limitations because this is the most analogous state law. Therefore, arguably, if looking to the most analogous state law for a limitations period, which seems to be what Doe suggests, a one year statute of limitations applies to the instant case, particularly her claims that she was discriminated and retaliated against in violation of Title IX.

Def's Reply Brief at n.2 (ECF No. 17). This is the precise argument offered by the Defendant in their latest filing, which the Defendant admits in the subject Notice: "In its Reply Memorandum, Howard University noted that a recent decision, *Stafford v. George Washington Univ.*, No. 18-CV-2789 (CRC), 2019 WL 2373332, at *7-8 (D.D.C. June 5, 2019) (J. Cooper) ("*Stafford I*"),

4

suggested that a one year statute of limitations may apply to Doe's Title IX claims, such that, even accepting Doe's argument as true, Count I and Count II of her First Amended Complaint would be time barred." ECF No. 21 at 2.

A notice of supplemental authority is not an opportunity for a litigant to re-argue and underscore a point already made in the underlying briefing. When a notice "seeks to continue arguing matters already addressed" in the underlying briefing, it impermissible. *Randolph,* 486 F. Supp. 2d at n.5. Supplemental legal memoranda, like the one filed by the Defendant here, may be allowed **with leave of Court**, only when the matters addressed are "truly new." *Pogue,* 238 F. Supp. 2d at 277. Defendant's Notice is impermissible on a procedural basis in that it is a substantive legal brief filed without leave of Court, and furthermore that it is merely an attempt to re-argue matters already addressed by the Defendant in its Reply Brief. The filing should be stricken from the record.

### B. The Court should strike Defendant's filing because the supplemental authority provided by Defendant is not relevant to Plaintiff's Title IX claims.

The cited authority brought forward by the Defendant has no pertinence to the issues presently before the Court, which is the second basis for striking the Defendant's brief. Defendant attempts to advance a novel argument—with no precedential support in the District of Columbia or this Circuit—based on case that is inapposite to the instant case. *Stafford v. George Washington, Univ.*, No. 18-cv-2789, 2022 U.S. Dist. LEXIS 1201 (D.D.C. Jan. 4, 2022), an opinion by Judge Cooper, that applied a one-year statute of limitations to the plaintiff's **Title VI** claims arising from alleged racial harassment and discrimination. The case arose from allegations by the Plaintiff that he was the victim of racial abuse by coaches and teammates while a varsity tennis player at George Washington University. The Plaintiff alleged, *inter alia*, that the university was deliberately indifferent to the racial hostility, harassment, and discrimination he endured, in violation of Title

5

VI of the Civil Rights Act of 1964.  The Court, analogizing the District of Columbia Human Rights Act (DCHRA) to Title VI's proscriptions of racial discrimination, applied the DCHRA's one-year limitations period to the Plaintiff's claims. The Plaintiff filed a Notice of Appeal to the D.C. Circuit Court of Appeals on January 24, 2022.

Unlike the instant case, *Stafford* did not involve Title IX claims based on a university's sexual discrimination, harassment, and violence.  *Stafford* did not purport to apply its holding to Title IX claims, nor could it be reasonable interpreted as such.  Rather, *Stafford* was focused solely on the analogous nature between the DCHRA and Title VI, asserting that the respective laws "have a 'shared purpose and ambitious aims'" namely to provide "private rights of action and . . . remedies" arising out of alleged racial discrimination.  *Id*. at *26-27 (*quoting Jaiyeola v. Dist. Of Columbia*, 40 A.3d 356, 367 (D.C. 2012)).  Because *Stafford* does not pertain, in any fashion, to Title IX claims, it is, by definition, ***not*** authority as to the questions before the Court.  Rather, Defendant asks this Court to make new law in this District by extending *Stafford*'s holding to claims of a different nature which were not under review nor at issue in that case.

When the supplemental authority brought forth by a litigant is not "relevant to a disputed issue in [the] case," it should be stricken.  *Oceana, Inc. v. Pritzker*, No. 08-1881, 2014 U.S. Dist. LEXIS 110797, *2 (D.D.C. Aug. 12, 2014); *see also United States v. Sum of $70,990,605*, No. 12-cv-19052015 U.S. Dist. LEXIS 27512, *24 (D.D.C. Mar. 6, 2015) (striking two notices of supplemental authority because the filings were "almost entirely duplicative of previous filings, and almost all of the information is irrelevant to the resolution of the Original Motion"); *Fid. & Guar. Life Ins. Co. v. Sharma*, No. RDB-17-1508, 2019 U.S. Dist. LEXIS 54727, *40–41 (D. Md. Mar. 29, 2019) (striking a defendant's Notice of Supplemental Authority in connection with the

6

party's motion to dismiss when the "so-called 'supplemental authorities' [were] wholly irrelevant to the pending Motion to Dismiss.").

Here, nothing in the cited case provides precedent, persuasion, or guidance for this Court with respect to the Title IX claims currently pending. *Stafford* did not arise from allegations of sexual assault, abuse, discrimination, and harassment. *Stafford*'s limited ruling applied only to claims of racial discrimination and hostility brought under Title VI. The *Stafford* Court did not enunciate a ruling that could be reasonably construed to apply to causes of action other than those brought under Title VI. The case is irrelevant to the issues pending before the Court, and Defendant's Notice of Supplemental Authority should be stricken.

### III.   CONCLUSION

Based on the foregoing reasons, Plaintiff respectfully requests that the Court strike from the record Defendant Howard University's Notice of Supplemental Authority.

Respectfully submitted,

*/s/ Drew LaFramboise*
Drew LaFramboise, Esq. (#1018140)
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, MD 20770
(301) 220-2200
dlaframboise@jgllaw.com

*Counsel for Plaintiff*